# IN THE UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | **Case No. 07-01563-TLM** |
| **SELBY J. WOODS AND** ) | |
| **JANET M. WOODS,** ) | |
| ) | **Chapter 7** |
| Debtors. ) | |
| _____ ) | |

## MEMORANDUM OF DECISION

**INTRODUCTION**

Selby and Janet Woods ("Debtors") claim an exemption in a 2002 Dodge Stratus (the "Vehicle"). The chapter 7 trustee, Jeremy Gugino ("Trustee"), objects to Debtors' claimed exemption, and also seeks turnover of the Vehicle from Julie and Charles Graber (the "Grabers")[1] who currently have possession of the Vehicle. *See* Doc. No. 21 ("Objection"), Doc. No. 27 ("Turnover Motion").

On February 11, 2008, the Court held a hearing on Trustee's Objection and Turnover Motion. *See* Doc. No. 33 (minute entry). The Court has considered the parties' submissions, the arguments at hearing, and applicable authorities. This Decision constitutes the Court's findings of fact and conclusions of law. Fed. R.

---

[1] Julie Graber is Debtors' daughter.

MEMORANDUM OF DECISION - 1

Bankr. P. 9014, 7052.

## BACKGROUND AND FACTS

In April 2007, Debtors entered into an oral agreement to sell the Vehicle to the Grabers. The Grabers took possession of the Vehicle, agreeing to pay Debtors the amount of each of the remaining installment loan payments owed a secured creditor on the Vehicle, totaling approximately $2,300.00. Debtors agreed to forward those payments to the creditor, and to deliver the Vehicle's title to the Grabers after the loan was paid in full.

After Debtors made the final loan payment, the lender released its lien and sent the title to the Idaho Department of Transportation. On October 1, 2007, a certificate of title to the Vehicle was issued in the name of "Woods, Selby J or Woods, Janet M" as owner and it showed no lienholder.

The following week, on October 8, 2007, Debtors filed their chapter 7 petition, schedules and statement of financial affairs ("SOFA"). An amended SOFA and schedules were filed on December 24, 2007. The amended schedule B lists the Vehicle with a value of $3,000.00, and the amended schedule C claims a $3,000.00 exemption in the Vehicle pursuant to Idaho Code § 11-605(3). The transfer of the Vehicle is described on the amended SOFA. There, in response to question 10, addressing transfers of property within two years preceding filing, Debtors identify Julie Graber as a transferee, and describe the transfer as follows:

MEMORANDUM OF DECISION - 2

> 2002 Dodge Stratus for loan balance – debtors' [*sic*] received no money. Sale was to be completed when loan paid off. Loan has been paid off, but debtors still hold the title free of encumbrances[.]

Doc. No. 20 at 4.

**DISCUSSION AND DISPOSITION**

### A. Turnover of the Vehicle as property of the estate

Trustee seeks turnover of the Vehicle from the Grabers pursuant to § 542, which requires any entity in possession of property of the bankruptcy estate to deliver such property to the trustee.[2] Trustee alleges the Vehicle is property of the estate under § 541(a)(1), and that the Grabers have no enforceable interest in the Vehicle under Idaho law because the certificate of title, on the petition date, listed Debtors as the owners. The Grabers, represented by counsel for Debtors in this matter, contend they have an equitable interest in the Vehicle and, therefore, it is not property of the estate under § 541(d).[3]

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. § § 101-1532 (2007). Section 542 states:

> (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Although an adversary proceeding is required to recover money or property under this section, *see* Fed. R. Bankr. P. 7001(1), the Grabers waived the right to such proceeding. Doc. No. 30.

[3] Section 541(d) states:

(continued...)

MEMORANDUM OF DECISION - 3

### 1. The Vehicle is property of the estate

Section 541(a)(1) of the Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204-05 (1983). Property of the estate is an extremely broad concept. *Id.*; *see also In re Shaw Constr.*, 92 I.B.C.R. 90, 91 (Bankr. D. Idaho 1992). "But while § 541(a)(1) is intentionally broad in scope, it does not expand a debtor's rights in property over what existed as of the date of filing." *Farmers Ins. Group v. Krommenhoek (In re Hiatt)*, 00.3 I.B.C.R. 131, 132 (Bankr. D. Idaho 2000) (citations omitted). While defining property of the estate is a matter of federal law, the nature and extent of a debtor's interest in property is determined by state law. *See Butner v. United States*, 440 U.S. 48, 55 (1979); *Foothill Capital Corp. v. Clare's Food Mkt., Inc. (In re Coupon Clearing Serv., Inc.)*, 113 F.3d 1091, 1099 (9th Cir. 1997).

Title 49 of the Idaho Code governs motor vehicles. Idaho Code § 49-503[4]

---

[3](...continued)
Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the serving of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

[4] Idaho Code § 49-503 was formerly codified as Idaho Code § 49-404. The language of the two sections is substantially the same, and Idaho courts construing Idaho Code § 49-503 rely on Idaho Code § 49-404 authority. *See, e.g., Northland Ins. Co. v. Boise's Best Autos & Repairs*, 970 P.2d 21, 26 (Idaho Ct. App. 1997), *rev'd in part on other grounds*, 958 P.2d 589 (Idaho (continued...)

MEMORANDUM OF DECISION - 4

states that "no person acquiring a vehicle from the owner, whether the owner is a dealer or otherwise, shall acquire any right, title, claim or interest in or to the vehicle until he has issued to him a certificate of title to that vehicle." Neither Debtors nor the Grabers dispute that Debtors were the owners of the Vehicle.[5] Nor is there any dispute that the Grabers were persons acquiring the Vehicle from the owner. Idaho Code § 49-503 therefore expressly and unequivocally establishes the Grabers cannot acquire any "right, title, claim or interest" in the Vehicle without the same being noted on a properly issued title.

A party has "no cognizable ownership interest in a vehicle where no certificate of title [has] yet been issued in that party's name." *Hopkins v. Shradley (In re Shradley)*, 03.1 I.B.C.R. 7, 8 (Bankr. D. Idaho 2003) (citing Idaho cases).[6] Furthermore, "it is the issuance of a new certificate of title, not delivery of the old certificate to a transferee, that grants an enforceable interest in a vehicle." *Hopkins*

---

[4](...continued)
1998) (quoting *Latham Motors, Inc. v. Phillips*, 851 P.2d 985, 990 (Idaho Ct. App. 1992)).

[5] An "owner" is defined as "a person, other than a lienholder, having the property in or title to a vehicle." Idaho Code § 49-116. Debtors at all relevant times were listed on the Vehicle's certificate of title as the owners. The Court has no reason today to construe the awkward phrase "having the property in" which was added in 1988.

[6] Idaho courts interpreting Idaho's motor vehicles statutes have consistently stated that a person acquires no right or interest in a vehicle until a certificate of title is issued to him. *See Lopez v. Langer*, 761 P.2d 1225, 1229 (Idaho 1988); *Simplot v. Owens*, 805 P.2d 477, 480 (Idaho Ct. App. 1999); *Northland Ins.*, 970 P.2d at 25-26; *Latham Motors, Inc.*, 851 P.2d at 989-92; *Slayton v. Zapp*, 697 P.2d 1258,1260 (Idaho Ct. App. 1985). In applying Idaho case law, this Court has stated that "any expansion of the concept of ownership beyond that reflected on the certificate of title should be limited to situations involving civil liability and insurance." *Shradley*, 03.1 I.B.C.R. at 9 (citing *Northland Ins.,* 970 P.2d at 26; *Lopez,* 761 P.2d at 1229).

MEMORANDUM OF DECISION - 5

*v. Brasseaux (In re Saunders)*, 08.1 I.B.C.R. 16, 17, 2008 WL 538443, at *3 (Bankr. D. Idaho 2008).

Idaho Code § 49-503 thus "expresses a legislative policy that a motor vehicle may be owned by only one person at any one time – the person whose name appears on the official certificate issued by the State." *Shradley*, 03.1 I.B.C.R. at 8 (citing *Matter of Friel*, 90 I.B.C.R. 212, 214 (Bankr. D. Idaho 1990)); *see also Hopkins v. Cummins (In re Mason)*, 06.2 I.B.C.R. 17, 19 (Bankr. D. Idaho 2006). A buyer therefore bears the burden of acquiring a certificate of title in his name to protect his interest in a vehicle. *Shradley*, 03.1 I.B.C.R. at 8; *see also Lopez v. Langer*, 761 P.2d 1225, 1229 (Idaho 1988).

On the petition date,[7] Debtors were listed on the Vehicle's certificate of title as the owners. Under the Idaho statute and case law, Debtors owned the Vehicle and it is property of the estate under § 541(a)(1). *See, e.g., Saunders*, 08.1 I.B.C.R. at 17; *Shradley*, 03.1 I.B.C.R. at 8-9.

Though the Grabers failed to obtain a certificate of title in their name to protect their interest in the Vehicle, they argue this case is distinguishable because they completed all payments to Debtors to purchase the Vehicle *prior* to the bankruptcy. However, a debtor's pre-petition sale of a vehicle does not alter the

---

[7] *See* § 541(a)(1) (defining property of the estate "as of the commencement of the case"); s*ee also In re Guth*, No. 02-02121, 2002 WL 31941460,*4 at n.11 (Bankr. D. Idaho Nov. 8, 2002) (noting that the petition date fixes a "line of cleavage" to establish property of the estate) (citing *White v. Stump*, 266 U.S. 313 (1924)).

MEMORANDUM OF DECISION - 6

Court's analysis under § 541(a)(1).  *See Tr. Services Corp. v. Smith (In re Kellner)*, 85 I.B.C.R. 77, 78 (Bankr. D. Idaho 1985) (determining that a vehicle sold by the debtor pursuant to a bill of sale and delivered to a buyer six months prior to bankruptcy was property of the estate because the title listed the debtor as the owner on the petition date); *see also Latham Motors, Inc. v. Phillips*, 851 P.2d 985, 986-92 (Idaho Ct. App. 1992).

### 2. The Vehicle is not excluded from property of the estate under § 541(d)

Under § 541(d), quoted above, property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest becomes property of the estate only to the extent of the debtor's legal title to the property. The Grabers contend § 541(d) should apply because they acquired a cognizable equitable interest in the Vehicle by completing payments to Debtors and taking possession of it.  This argument is unpersuasive.

First, the Idaho legislature statutorily defined the equities "by adopting a comprehensive system of registering ownership interests in titled vehicles." *Saunders*, 08.1 I.B.C.R. at 17 (citing *Mason*, 06.2 I.B.C.R. at 20).  Under this statutory system, the "purported equities of a case must bow to the policy of the Legislature" and "it would be inappropriate for this Court to make judicial exceptions to the operation of this thoughtful scheme." *Id*.

Second, though property held "in trust" is excluded from property of the

MEMORANDUM OF DECISION - 7

estate under § 541(d),[8] the facts in this case do not indicate the existence of a trust.[9] Of course, absent bankruptcy, and in a dispute between Debtors and the Grabers, the Grabers might argue for the imposition of a constructive trust on the Vehicle.[10] A constructive trust, however, is not a true trust but an equitable remedy designed to prevent injustice. *Custer v. Dobbs (In re Dobbs)*, 115 B.R. 258, 269, 90 I.B.C.R. 179, 194 (Bankr. D. Idaho 1990). A constructive trust cannot affect rights in property until it is imposed by a court order. *Airwork Corp. v. Markair Express, Inc. (In re Markair, Inc.)*, 172 B.R. 638, 642 (9th Cir. BAP 1994). Therefore, in order to exclude the subject property from the debtor's bankruptcy estate, a constructive trust must be imposed pre-petition. *Id.*; *see also Taylor Assocs. v. Diamant (In re Advent Mgmt. Corp.)*, 178 B.R. 480, 488 (9th Cir. BAP 1995) (absent a court order imposing a constructive trust, the remedy is inchoate

---

[8] *See Begier v. IRS*, 496 U.S. 53, 59 (1990); *Taylor Assocs. v. Diamant (In re Advent Mgmt. Corp.)*, 104 F.3d 293, 295 (9th Cir. 1997); *Mitsui Mfrs. Bank v. Unicom Computer Corp. (In re Unicom Computer Corp.)*, 13 F.3d 321, 324 (9th Cir. 1994); *Torres v. Eastlick (In re North American Coin & Currency, Ltd.)*, 767 F.2d 1573, 1575 (9th Cir. 1985), *cert. denied*, 475 U.S. 1083 (1986); *In re Olson*, 06.3 I.B.C.R. 63, 66 (Bankr. D. Idaho 2006); *Cardiovascular & Chest Surgical Assoc. v. Fitzgerald (In re Norris)*, 96.4 I.B.C.R. 149,151 (Bankr. D. Idaho 1996); *Custer v. Dobbs (In re Dobbs)*, 115 B.R. 258, 269, 90 I.B.C.R. 179, 194 (Bankr. D. Idaho 1990).

[9] The facts here support neither an express trust nor a resulting trust. "An express trust is created only if the settlor manifests an intention to create a trust." *Carter v. Carter*, 146 P.3d 639, 645 (Idaho 2006) (citations omitted). A resulting trust arises by implication of law to enforce the parties' presumed intent to create a trust. *See Hettinga*, 886 P.2d at 775; *Shurrum v. Watts*, 324 P.2d 380, 385 (Idaho 1958).

[10] Under Idaho law, a constructive trust arises where title to property has been obtained through fraud, misrepresentation, or "circumstances otherwise rendering it unconscionable for the holder of legal title to retain beneficial interest in property." *Olson*, 06.3 I.B.C.R. at 66 (citing *Hettinga v. Sybrandy*, 886 P.2d 772, 775 (Idaho 1994)).

MEMORANDUM OF DECISION - 8

and the alleged beneficiary has no equitable interest in the property). Here, there is no pre-petition court order imposing a constructive trust on the Vehicle that would exclude it from property of the estate under § 541(d).

This Court has applied § 541(d) in contexts not involving trusts. For example, in *Fitzgerald v. FMC Employees Fed. Credit Union (In re Petersen)*, 98.1 I.B.C.R. 12 (Bankr. D. Idaho 1998), a vehicle titled to a debtor and his non-debtor spouse was found not property of the estate under § 541(d) because a state court divorce decree awarded the vehicle to the non-debtor spouse prior to the bankruptcy. *Id*. at 13. *Peterson* is distinguishable. This case involves no legal proceeding or decree, or other applicable state law, that would divest Debtors of their equitable interest in the Vehicle, leaving them with bare legal title, as the divorce decree did in *Petersen*.

The Court has considered all other arguments raised by the Grabers and Debtors and finds them similarly unpersuasive. The Vehicle is property of the estate under § 541(a)(1) and Idaho law, and it is not excluded from the estate under § 541(d). Trustee's Turnover Motion will be granted.

### B. The claimed exemption in the Vehicle

Because Debtors concede the transfer to the Grabers was voluntary, they agree that they would not be entitled to an exemption in the Vehicle in the event Trustee recovers it from the Grabers. *See* Doc. No. 29 at 2; *see also*

MEMORANDUM OF DECISION - 9

§ 522(g)(1)(A).[11]  Trustee's Turnover Motion was successful, and the Objection will therefore be sustained.

**CONCLUSION**

For the reasons stated, the Court concludes Trustee's Turnover Motion will be granted pursuant to § 542(a).  The Court also concludes Trustee's Objection will be sustained.  Trustee shall prepare a form of order.

DATED: April 24, 2008



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[11]  Section 522(g)(1)(A) provides:

(g) Notwithstanding section 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if –

(1)(A) such transfer was not a voluntary transfer of such property by the debtor[.]

MEMORANDUM OF DECISION - 10